UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC WATSON, et al., | CASE NO. C21-1622 RSM |
| Plaintiffs, | ORDER |
| v. | |
| MIKE ROFF, et al., | |
| Defendants. | |

## I.     INTRODUCTION

This matter is before the Court sua sponte for consideration of the Amended Complaint filed, at the Court's request, by Plaintiffs Eric and Sarah Watson. Dkt. #15  Additionally, the Court addresses the Applications for Court-Appointed Counsel that Plaintiffs have recently filed. Dkts. ##17–18. Finding that the Amended Complaint does not establish a basis for invoking this Court's subject matter jurisdiction, the Court dismisses the action without prejudice and denies the pending motions for appointment of counsel.

## II.     BACKGROUND

**A. Plaintiffs' First Complaint and the Court's Order to Show Cause**

Plaintiffs' first complaint told the story of their difficulties with placing their boat, a wooden 50-foot 1962 Chris Craft Constellation, in dry storage in Washington. *See generally*

ORDER – 1

Dkt. #14. Plaintiffs alleged that they had entered into a verbal agreement to place their boat in dry storage with Latitude Marine Services, LLC so that holes in the hull could be repaired. The boat has remained in Latitude Marine's custody since it was delivered on June 12, 2020, but no repairs have been made. Instead of making the necessary repairs, Plaintiffs indicate that Latitude Marine has acted in bad faith to further damage their boat, has forced them to enter into a written agreement, and has frustrated Plaintiffs' access to the boat and their attempts to repair the boat on their own. Plaintiffs indicate that despite their efforts to comply with their agreements, Latitude Marine now maintains that it will begin eviction proceedings, sell the boat at auction, or both. Seeking relief, Plaintiffs filed their first complaint against the individual employees—Mike Roff, KJ Roff, Chrisi Dite, and Bob Cornelius—of Latitude Marine with whom they had interacted.

Reviewing Plaintiffs' complaint sua sponte, the Court noted that Plaintiffs did not establish a clear basis for invoking this Court's subject matter jurisdiction. Dkt. #8. The Court noted that Plaintiffs could not establish federal question jurisdiction because they did not maintain that their legal claim was premised on the United States Constitution or a federal statute and, while Plaintiffs appeared to believe they had been discriminated against, they did not indicate membership in any protected class. *Id.* at 4. Likewise, the Court noted that Plaintiffs could not invoke the Court's diversity jurisdiction because they alleged that they were citizens of Washington and that the named defendants were also citizens of Washington. *Id.* Lastly, the Court noted that Plaintiffs could not invoke the Court's admiralty jurisdiction because any tort claim or contract claim was unrelated to the boat's use or commerce in navigable waters. *Id.* at 5–6. Because it appeared that Plaintiff's complaint fell outside of the Court's subject matter jurisdiction, the Court ordered Plaintiffs to file an amended complaint establishing a basis for the Court's jurisdiction. *Id.* at 7.

ORDER – 2

### B. Plaintiff's Amended Complaint

Plaintiffs timely filed an amended complaint, expanding on their boat ownership saga. Plaintiffs further allege that they purchased the boat in San Diego, California, intending to sail the boat to Tacoma, Washington. Dkt. #15 at 3. Upon embarking, Plaintiffs determined that the boat's cruising speed would not allow them to reach Tacoma in their available timeframe. *Id.* at 4. Accordingly, Plaintiffs contracted with Moger Yacht Transport, Warren Moger Sr., and Warren Moger Jr. (the "Mogers") to have the boat transported by land to Portland, Oregon, where Plaintiff's planned to resume their voyage. *Id.* However, the Mogers damaged the boat during transport and the boat could not be launched in Portland, Oregon because of holes in the hull. *Id.* at 4–5.

Disappointed in the condition of their boat, Plaintiffs sought to submit an insurance claim and repair the boat to a seaworthy condition. *Id.* As a result, Plaintiffs had the Mogers transport the boat to Dikes Marine Services ("Dikes Marine"), in Scappoose, Oregon, for storage. *Id.* at 5. Plaintiffs allege that during the unloading process the boat was further damaged by the Mogers and/or Dikes Marine and/or Dikes Marine's employees Debbie Helms, Bruce Helms, Edward Humfleet, and Dena Humfleet (collectively, the "Dikes Marine Employees"). *Id.* at 5–6. Despite the events accounting for the damage to their boat, Plaintiffs allege that their insurance company denied their claim partly because of actions taken by Dikes Marine or the Dikes Marine Employees on behalf of the insurance company and partly because of the insurance company's unfounded conclusion that the damage had been caused by dry rot in the boat. *Id.* at 6–8. Unable to obtain appropriate relief from the Mogers or their insurance company and with no prospect of repairs at Dikes Marine, Plaintiffs had the boat transported to Latitude Marine, in Washington. *Id.* at 7–9. Plaintiffs' amended complaint does not substantively expand on the actions taken by Latitude Marine or their employees.

ORDER – 3

III.     DISCUSSION

**A. This Court's Subject Matter Jurisdiction to Hear Plaintiffs' Claims**

As before the Court begins by considering its subject matter jurisdiction. The United States District Courts are courts of limited jurisdiction, and a plaintiff bears the burden of establishing that the plaintiff's case is properly filed in a United States District Court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). In broad, but generally determinative, terms, district courts are afforded subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States" and over cases "where the matter in controversy exceeds the sum or value of $75,000" and is between diverse parties, i.e., citizens of different states. *See* 28 U.S.C. §§ 1331, 1332(a). These statutory bases for jurisdiction are referred to as federal question and diversity jurisdiction. Additionally, and as this case involves a boat, the Court considers whether this matter may fall within the Court's admiralty jurisdiction. *See* U.S. CONST. art. III, § 2 (extending the "judicial Power . . . to all Cases of admiralty and maritime Jurisdiction"); *see also* 28 U.S.C. § 1333(1) (granting district courts original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction").

**1. Plaintiffs Cannot Invoke the Court's Federal Question Jurisdiction**

Just as with Plaintiffs' first complaint, their amended complaint does not properly identify a constitutional or federal statutory basis adequate to invoke the Court's federal question jurisdiction. Plaintiffs again make an overly simplistic argument that they have faced unlawful discrimination, invoking *Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Com'n*, ___ U.S.

ORDER – 4

___, 138 S. Ct. 1719 (2018).  Dkt. #15 at 9 (arguing that Latitude Marine's flat refusal to repair their boat is "about the same treatment as the homosexuals got when they were refused service").  But—and even if the Court puts aside that *Masterpiece Cakeshop* was primarily a freedom of exercise case brought by a business, not a discrimination case brought by customers—Plaintiffs do not allege that they belong to any constitutionally protected class, merely that they have not been afforded a reasonable explanation of Latitude Marine's refusal to repair the boat.  The Court is mindful of Plaintiffs' argument that they are "not legally educated in Law and use[] just common sense," but the law requires more in this instance to invoke the jurisdiction of the federal courts.

### 2. Plaintiffs Cannot Invoke the Court's Diversity Jurisdiction

The Court likewise finds that Plaintiffs' amended complaint fails to adequately invoke the Court's diversity jurisdiction.  In this regard, Plaintiffs primarily take issue with the Court's supposition that the value of their unseaworthy boat may be below the $75,000 jurisdictional threshold.  *Id.* at 11–12.  But the more significant issue remains that Plaintiffs have not alleged complete diversity between the parties.  *See In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff.").  Failing to address the lack of diversity between themselves and Latitude Marine, Plaintiffs instead attempt to add new allegations against parties that appear to be diverse—the Mogers, residents of California, and Dikes Marine and the Dikes Marine Employees, presumably residents of Oregon.

But Plaintiffs have already initated a federal action in this District related to their claims against the Mogers.  *See Watson v. Moger*, Case No. 20-cv-5344-RJB (W.D. Wash. 2020).  That

ORDER – 5

case appears to have appropriately invoked the Court's diversity jurisdiction[1] and ultimately asserted a federal question. *See id.*, Dkt. #37 at ¶¶ 4.1–4.10 (Plaintiffs' second amended complaint asserting a claim under 49 U.S.C. § 14706, which provides a cause of action for damages to property during interstate transportation by "motor carriers"). But that action was resolved when the Court granted summary judgment in favor of the Mogers and is now the subject of a pending appeal before the United States Court of Appeals for the Ninth Circuit. *See Watson v. Moger*, Case No. 21-35774 (9th Cir. 2021). Plaintiffs may not reassert the same claims against the Mogers here.

While Plaintiffs' alleged claims against Dikes Marine and the Dikes Marine Employees do not necessarily preclude diversity jurisdiction on their own, Plaintiffs are clear in their intent to pursue their claims against Dikes Marine and Latitude Marine. Yet, and as the Court noted above, diversity jurisdiction requires complete diversity between the parties. *See In re Digimarc Corp. Derivative Litig.*, 549 F.3d at 1234 ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). Plaintiffs cannot manufacture diversity jurisdiction by adding a diverse party to their action against non-diverse defendants.

### 3. Plaintiffs Cannot Invoke the Court's Admiralty Jurisdiction

Little needs to be added on the issue of admiralty jurisdiction beyond the Court's discussion of the issue in its prior order. *See* Dkt. #8 at 5. Plaintiffs do little to argue that their legal claims fall within the Court's admiralty jurisdiction. See Dkt. #15 at 3 (Plaintiffs indicating that they are "unsure if Admiralty Jurisdiction applies in this case" but arguing that "it should").

---

[1] Plaintiffs' Second Amended Complaint in their prior Moger case specifically alleges that the amount in controversy exceeds $75,000, that "Plaintiffs are Washington state residents," and that "Defendants are California state residents with Moger Yacht Transport located in California." *See Watson v. Moger*, Case No. 20-cv-5344-RJB, Dkt. #37 at ¶ 2.1 (W.D. Wash. Feb. 5, 2021).

ORDER – 6

Plaintiffs' opinion, lacking any legal support, is insufficient to invoke this Court's limited subject matter jurisdiction.

### 4. Conclusion

Plaintiffs have failed to adequately invoke the Court's subject matter jurisdiction and Plaintiffs' claims are therefore appropriately dismissed. The Court does so, however, without prejudice. This means that Plaintiffs are free to assert the same claims in other courts—such as the Washington State Courts—that may have jurisdiction to hear and consider Plaintiffs' claims.

### B. Plaintiffs' Motions to Appoint Counsel

Lastly, the Court addresses Plaintiffs' motions seeking that they be appointed counsel in this matter. The appointment of counsel is an uncommon occurrence. *See Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983) (in considering whether a case is an exceptional one warranting appointment of counsel, court must consider "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved"). Due to the lack of any apparent basis upon which Plaintiffs can invoke the subject matter jurisdiction of this Court, the Court does not find this to be an appropriate case for the appointment of counsel. Accordingly, the motions are denied.[2]

### IV. CONCLUSION

Having reviewed Plaintiffs' amended complaint, their applications for the appointment of counsel, and the remainder of the record, the Court finds and ORDERS that:

1. All of the claims asserted in Plaintiffs' Amended Complaint (Dkt. #15) are DISMISSED without prejudice.

---

[2] Still further, the Court's dismissal of Plaintiffs' claims makes their requests for the appointment of counsel moot.

ORDER – 7

2. Plaintiffs' Applications for Court-Appointed Counsel (Dkts. ##17–18) are DENIED, both substantively and as moot.

3. This matter is CLOSED.

4. The Clerk shall send a copy of this Order to Plaintiff Eric Watson[3] at 7807 Kapowsin Hwy. E., Graham, WA  98338.

DATED this 8th day of February, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff Sarah M. Watson has registered to electronically file and receive electronic service in this case.  Dkt. #11.

ORDER – 8